# JUNE 1908.

Brotherhood of Railway Trainmen v. Dee.

No. 1843.   Decided June 4, 1908.

**1.—Benefit Society—Non-Payment of Dues—Forfeiture.**

The constitution of a benefit society and the benefit certificate issued to a member declared a forfeiture of all rights thereunder and that the certificate should become void on the failure of the member to meet dues as they were payable. Such forfeiture was not avoided under a rule of the

society, that when a member became sick or disabled his dues should be paid by his local lodge on his giving written notice of the fact to the financier of such lodge, where no such written notice was given.   (P. 602.)

**2.—Same.**

A custom of a local lodge to advance dues for a sick member without written notice would not operate to estop the order from claiming a forfeiture.  (P. 602.)

**3.—Same.**

That the member of a benefit society was sick, unconscious, and unable to act at the time the dues became payable will not relieve him from the forfeiture for non-payment, where its laws and the certificate recognize no such exception.  (Pp. 602, 603.)

**4.—Same—Estoppel.**

The mistake of an officer of the lodge in informing the member whose benefit certificate had been forfeited for non-payment of dues that a medical certificate was necessary to his reinstatement, such certificate not being required, would not estop the society from insisting on the forfeiture, where the member was not mislead thereby and furnished the certificate but did not comply with the conditions for reinstatement.  (P. 603.)

**5.—Same—Disability before Forfeiture.**

Where the benefit became payable by reason of total disability of the insured before forfeiture of his rights through non-payment of dues, such ground of recovery must be pleaded in order to avoid the forfeiture; and the amount being payable in such case to the member himself, and not to the beneficiary named in the event of his death, recovery on that ground after his death must be by his heirs or legal representatives, and not by the beneficiary named.   (P. 603.)

Error to the Court of Civil Appeals for the Second District, in an appeal from Cooke County.

Mrs. Dee sued the Brotherhood of Railway Trainmen and recovered a judgment.  It was affirmed on appeal by defendant, who then obtained writ of error.

The fourth paragraph of the charge of the trial court was as follows:  "If you find from the evidence that defendant did not enforce the requirements of section 151 of its Constitution, introduced in evidence, that a member expelled for nonpayment of dues should be readmitted upon making application on a form provided by the Grand Secretary and Treasurer for that purpose, and that defendant permitted such expelled members to be readmitted upon the application he made when he joined the defendant, and if you further find that J. E. Siddall was not readmitted as a member of the Sherman lodge solely on account of his inability to procure a health certificate, you will find for plaintiff in the sum of $1,350, with interest thereon from July 1, 1905, at 6 percent per annum."

*Potter, Culp & Giddings*, for plaintiff in error.—The sickness and mental condition of the insured being no excuse or justification for his failing to pay his dues, it was improper to admit the evidence of the witness tending to establish such sickness and mental condition. Smith v. Woodmen of World. 77 S. W. Rep., 862; 2 Bacon on Ins., p. 960; Klein v. New York Life Ins. Co., 104 U. S., 88; Thompson v. Knickerbocker Ins. Co., 104 U. S., 252; Hawkshaw v. Supreme

L. of K., 29 Fed. Rep., 770; Wheeler v. Connecticut Mut. L. Ins. Co., 82 N. Y., 554; 1 Bacon on Ins., secs. 352, 354; Richardson v. Mutual Life Ins. Co., 18 S. W. Rep., 165.

That nonpayment of dues by the insured operated as an expulsion from the lodge, see Supreme L. K. of H. v. Keener, 6 Texas Civ. App., 267; Sovereign Camp W. O. W. v. Rothschild, 15 Texas Civ. App., 463; Manhattan L. Ins. Co. v. Savage, 63 S. W. Rep., 278; Bacon on Benefit Soc., secs. 352, 354; Richardson v. Mutual L. Ins. Co., 18 S. W. Rep., 165.

On the question of reinstatement, waiver and estoppel see, in addition to above cases: Boyce v. Royal Circle, 73 S. W. Rep., 300; United Moderns v. Pike, 76 S. W. Rep., 774; Lavin v. Woodmen O. W., 78 S. W. Rep., 325; 2d Bacon on Benefit Soc., sec. 334A. The law in reference to reinstatement of expelled members is well stated by Bacon in his work on Benefit Societies, 2d vol., sec. 385c; also Judge Pleasants in the case Supreme L. K. of H. v. Keener, 6 Texas Civ. App., 267; ably discusses the law in relation to this subject. Also the case of Ash v. Fidelity Mut. L. Ins. Co., 26 Texas Civ. App., 501 might be read with profit on the same subject. We also refer to the Mutual R. F. L. Association v. Lovenberg, 59 S. W. Rep., 314.

*Davis & Thomason,* for defendant in error.—The appellant being an unincorporated beneficiary association, owing to its members the duty of keeping them in good standing, and of caring for and maintaining them during their sickness and disability, the evidence complained of was admissible. Woodmen of W. v. Dees, 100 S. W. Rep., 366; Pledger v. Woodmen of W., 17 Texas Civ. App., 18; Andre v. Woodmen of America, 76 S. W. Rep., 710; Cline v. Woodmen of W., 86 S. W. Rep., 501; Wightman v. Grand Lodge A. O. U. W., 98 S. W. Rep., 829; Boward v. Bankers' Union, 68 S. W. Rep., 369; 2 Bacon on Benefit Societies, art. 385a.

There was sufficient evidence to authorize the submission of the case to the jury, especially upon the ground set forth in the fourth clause of the charge, and the court did not err in refusing to instruct a verdict for the Brotherhood. Andre v. Woodmen of America, 76 S. W. Rep., 710; Cline v. Woodmen of W., 86 S. W. Rep., 501; 2 Bacon on Benefit Societies, art. 385a. The case is strikingly like that of Van Houten v. Pine, 38 N. J., Eq. 72, cited by Mr. Bacon.

In Ohio & Miss. Ry. Co. v. McCarthy, 96 U. S., 267, it is said: "Where a party gives a reason for his conduct and decision touching anything involved in a controversy, he can not after litigation has begun, change his ground, and put his conduct upon another and a different consideration. He is not permitted thus to mend his hold. He is estopped from doing it by a settled principle of law."

MR. JUSTICE BROWN delivered the opinion of the court.

Mrs. Dee sued The Brotherhood of Railway Trainmen to recover upon the following beneficiary certificate issued to James E. Siddall:

"No. 145734.

"Grand Lodge, Brotherhood of Railway Trainmen.

"This Beneficiary Certificate, issued by the Grand Lodge of the Brotherhood of Railway Trainmen.

"Witnesseth:     That Brother James E. Siddall, a member of the G. A. Almeras Lodge, No. 659, of said Brotherhood, is entitled to all the rights, privileges and benefits of membership, and to participate in the beneficiary department,

Class C

of said Brotherhood, to the amount set forth in the Constitution thereof, which amount, in the event of his total and permanent disability, shall be paid to him, or at his death shall be paid to Sarah V. Dec, his sister, if living; if not, to the executors or administrators of said member, in trust, however, for, and to be forthwith paid over to his heirs at law, and the amount to be paid hereunder shall become due only upon the presentment of proper proofs of the death of the assured, and the legal right of such executor or administrator to receive the same, such proofs to be made in accordance with the Constitution and Bylaws of the Brotherhood.

"This certificate is issued on the expressed conditions that the said James E. Siddall shall comply with the Constitution, By-laws, rules and regulations, now in force, or which may hereafter be adopted by the within named Brotherhood, which, as printed and published by the Grand Lodge of the said Brotherhood, are made a part hereof; and that he pay all dues and assessments imposed upon him within the time specified by the Constitution and Bylaws, and any failure to make such payment of either Grand or Subordinate Lodge dues, or any general or special assessment levied, shall at once forfeit any and all rights hereunder, and this certificate shall become null and void without notice to the assured; nor shall any payment by or for the assured, of either dues or assessments, after such forfeiture, revive this certificate or confer any rights hereunder."

Liability is denied by the Brotherhood upon the ground that the certificate was forfeited by the nonpayment of dues on the first day of January, 1905, before the death of James E. Siddall. The constitution of the order provided that no member should be entitled to any benefits of the brotherhood unless his dues to the grand lodge and to the subordinate lodge had been paid, which dues must be paid monthly on the first day of the month. Any member failing or refusing to pay the dues or assessments should become expelled without notice to him or further action by the lodge, and the beneficiary certificate should become void at that instant and all rights thereunder should then cease. There was no denial that Siddall failed to pay his dues, but his failure is sought to be excused under the following state of facts. Section 49 of the constitution reads as follows: "If a member, while at a distance from his lodge, becomes sick or disabled and is distressed, it shall be the duty of the board of relief, of the lodge in whose jurisdiction he then is, upon receiv-

ing notice of such sickness or disability, to make reasonable provisions for his temporary care and relief, and to immediately report the circumstances to the Secretary of the lodge of which he is a member, and ask directions from said lodge as to what further relief, if any, shall be extended. All reasonable expense thus incurred in the care of a sick and distressed member of a sister lodge shall be paid by the lodge of which the said brother is a member, but not otherwise."

It was claimed in the petition that by the rules of the order Siddall had sixty days after the forfeiture of his certificate within which to pay the dues and be reinstated, but we see no evidence in the record of, the existence of such a rule. In the constitution is this section: "A member expelled for nonpayment of dues may be readmitted upon making application on a form provided by the Grand Secretary and Treasurer for that purpose, the payment of all arrearages up to the date of expulsion, current dues and assessments, and a proposition fee of one dollar. This proposition shall be considered and acted upon as provided in laws governing application for membership or initiation, except that where less than 60 days have elapsed a medical examiner's certificate shall not be required." The lodges at Sapulpa, Indian Territory, and at Gainesville, Texas, knew of Siddall's condition and members of the Sherman lodge of 'which he was a member knew it also.

The incorporated body is composed of the members of the subsidiary or local lodges through which the business pertaining to the order is principally conducted.

James E. Siddall was taken suddenly sick at Sapulpa, I. T., about December 15, 1904, and was for a time unconscious. Some days after that he was taken or went to Gainesville, Texas, to the home of his sister, Mrs. Dee, and stayed there until he died of the same disease about the 27th of May, 1905. On the first day of January, when his dues became payable, James E. Siddall was unconscious. A few days after the dues should have been paid a brother of the deceased wrote to the lodge at Sherman in the name of James E. Siddall and sent the dues. In the letter he stated, in the name of his brother, that he was then sick or it would have been attended to before. The officials of the lodge at Sherman notified Siddall at Gainesville that he could not be reinstated as he was sick and would have to have a certificate of health; that is, be examined by a physician before he could be reinstated and at the same time sent to Siddall the form of application for reinstatement which was never made. There is proof which tended to show that in the lodges at Sherman, Sapulpa and Gainesville it was the custom, when a member was sick, to pay his dues and prevent his suspension, or expulsion, but none of the lodges named took any steps to pay the dues of James E. Siddall. There is no proof that the grand lodge, or any of its officers, had notice of the custom of the local lodges to pay the dues, nor was there any proof to show that such local lodge was required by any rule of the order or any provision of its constitution to do so, except Rule 131 hereinafter copied.

By the constitution and rules of the order of the Brotherhood of Railway Trainmen J. E. Siddall ceased to be a member when he

failed to pay the assessment which fell due on January 1, 1905. He was not reinstated to membership in the order prior to his death, therefore, the defendant in error as beneficiary in the certificate is not entitled to recover in this action unless she has shown that in the life time of Siddall he or some one for him took such action as under the constitution and rules of the order prevented the forfeiture on account of the failure to pay the dues. It devolved upon the defendant in error to show some reason why the forfeiture should not be enforced.

Counsel for the defendant in error assert that under rule 131 of the order it was the duty of the lodge at Sherman to pay the dues, therefore the failure to make payment can not work a forfeiture of the certificate. Rule 131 is in this language: "Should a brother in good standing become sick or disabled he shall immediately notify the financier of his lodge in writing and such written notice must be given the financier before th. 1st day of the month for which the dues are to be paid. On receipt of such notice by the financier before the first day of the month, the brother's dues shall be paid by his lodge for such period as the lodge shall determine, but such written notice shall be a condition precedent to the brother's rights under this section."

This rule is very plain in its provisions as to the manner in which the action of the lodge should be invoked and closes with this expression: "But such written notice shall be a condition precedent to the brother's rights under this section." There is no pretense that any notice was given to the Sherman lodge of the disability or sickness of J. E. Siddall, therefore it never became the duty of the lodge to pay his dues and preserve his standing in that lodge. ( 2 Bacon, Ben. Soc., sec. 385c.)

It is further contended by counsel for defendant in error that it was the custom of three local lodges to advance the dues of sick members and thereby prevent their expulsion for failure to pay. There is some evidence that three local lodges pursued this course but there is no evidence that it was recognized either in the constitution or rules of the order nor was it known to the grand lodge of the brotherhood. Granting that such a custom did exist as to the lodge in which Siddall's membership was, it could be no more than an accommodation on the part of the lodge, and the failure to extend to him that accommodation or courtesy can not operate as an estoppel upon the plaintiffs in error. Under rule 131 copied above Siddall or any of his friends could have given notice to the lodge of his sickness and inability to pay the dues and thereby have secured to him the benefit of that rule, but they failed so to do, therefore the rule was inapplicable to the facts of this case.

It is urged as a reason why this forfeiture should not be sustained that at the time the dues became payable, on· January 1, 1905. J. E. Siddall was unable to attend to business, was in fact unconscious, therefore it would be unreasonable to· enforce the forfeiture. No authority in support of that contention has been cited and we have not been able to find any. Mr. Bacon in his work on Benefit Societies, in section 384, says: "Neither insanity, sickness nor absence

is an excuse for nonpayment of an assessment, the payment being an act that can be performed for the member by some other person."

Again, the defendant in error claims that the grand lodge is estopped from asserting the forfeiture in this case because Kelso, the financier of the lodge at Sherman, informed Mr. Siddall that a medical certificate would be necessary in order to secure his reinstatement. The financier made a mistake as to the requirement of section 151 of the constitution, which we have before copied, yet the evidence shows that Siddall did furnish a certificate of his attending physician which showed that he could not be reinstated in any event. He was therefore not misled to his hurt by the mistake which the financier made. At the time that Kelso gave that information he also sent to Siddall the form of application for reinstatement and called his attention to what was necessary for him to do to secure it. Siddall never did present the application for reinstatement in accordance with section 151, before copied, without which there could be no reinstatement either with or without the certificate of the medical examiner. It is clear from the evidence that neither Siddall nor anyone interested in this matter was misled, therefore there could be no estoppel in the case.

The Court of Civil Appeals says that J. E. Siddall had become totally disabled before the expulsion occurred and the company became liable to pay the amount specified in the certifiqate. No such ground of liability was alleged in the petition, therefore it could not sustain the judgment, besides, if he was totally disabled and the certificate matured in his lifetime, then Mrs. Dee never became entitled to the sum to be paid, but it was payable to Siddall himself, and, upon his death, became the property of his estate. In no view of the matter could that fact, if it be true, sustain the judgment in this case.

There being no evidence upon which the court could submit to the jury the question of liability by reason of any waiver of forfeiture in this case there was error in giving the 4th paragraph of the charge of the court and the Court of Civil Appeals erred in sustaining the judgment of the District Court under that charge.

It is ordered that the judgments of the District Court and Court of Civil Appeals be reversed and the cause remanded.

*Reversed and remanded.*