## SOVEREIGN CAMP WOODMEN OF THE WORLD v. WAGNON.

(Court of Civil Appeals of Texas. Austin. Jan. 21, 1914. Rehearing Denied March 25, 1914.)

1. TRIAL (§ 365*)—SPECIAL INTERROGATORIES —CONSTRUCTION.

Where the court submitted a special issue whether the insured had failed to pay his lodge dues and assessments due on certain dates, the only fact to be found was whether the payments were made; the question whether they were due being one of law for the court in construing the by-laws of the order introduced in evidence.

[Ed. Note.—For other cases, see Trial, Cent. Dig. §§ 871–874; Dec. Dig. § 365.*]

2. TRIAL (§ 365*)—SPECIAL INTERROGATORIES —INCONSISTENT FINDINGS.

An answer to such issue, reading, "No, no April dues on May 1st, 1912," is to be construed as meaning that no dues were due on that date, not that the insured did not fail to pay them, where the answer to another issue found that the payments were not made by the insured or by any one for him.

[Ed. Note.—For other cases, see Trial, Cent. Dig. §§ 871–874; Dec. Dig. § 365.*]

3. INSURANCE (§ 827*)—MUTUAL BENEFIT INSURANCE—ACTIONS FOR BENEFITS—SPECIAL INTERROGATORIES—INCONSISTENT FINDINGS.

Even if there was a conflict between these two findings, that conflict must be reconciled by reference to the record, and, where the undis-

*For other cases see same topic and section NUMBER in Dec. Dig. & Am. Dig. Key-No. Series & Rep'r Indexes

puted evidence shows that payments were not made and another finding was in harmony therewith, the jury must have intended to find that the insured failed to pay his assessments.

[Ed. Note.—For other cases, see Insurance, Cent. Dig. § 2011; Dec. Dig. § 827.*]

4. JUDGMENT (§ 256*)—MUTUAL BENEFIT INSURANCE—ACTIONS FOR BENEFITS—SPECIAL INTERROGATORIES — CONFORMITY OF JUDGMENT TO FINDINGS.

The fact that the jury also found that the assessments were not due and the suspension of the member improper does not authorize a judgment on the findings for the beneficiary, since that question was one for the court and not for the jury.

[Ed. Note.—For other cases, see Judgment, Cent. Dig. §§ 446–454; Dec. Dig. § 256.*]

5. INSURANCE (§ 754*)—MUTUAL BENEFIT INSURANCE — SUSPENSION — WAIVER — LOCAL OFFICER.

Under Rev. St. 1911, § 4847, providing that no subordinate body of a fraternal beneficiary association could waive the provisions of the laws or constitution of the body, an agreement by the clerk of a local camp to pay the assessments of a member when due, which agreement was beyond his authority, under the by-laws, is no defense to a suspension for nonpayment of dues, especially where there is no evidence that the sovereign camp had any notice of the agreement.

[Ed. Note.—For other cases, see Insurance, Cent. Dig. § 1906; Dec. Dig. § 754.*]

6. INSURANCE (§ 761*)—MUTUAL BENEFIT INSURANCE—REINSTATEMENT—CERTIFICATE OF HEALTH—NECESSITY.

Where the by-laws of a mutual benefit association required the payment of dues for reinstatement after suspension to be accompanied by a certificate that the insured was in good health, a tender not accompanied by such certificate does not entitle a member to reinstatement.

[Ed. Note.—For other cases, see Insurance, Cent. Dig. § 1924; Dec. Dig. § 761.*]

7. INSURANCE (§ 754*)—MUTUAL BENEFIT INSURANCE—NONPAYMENT OF DUES—EXCUSE—INSANITY.

Where the by-laws of a mutual benefit association required it to pay the dues of a member who was insane and financially unable to pay his dues, but provided that such payments should not be made if the member was in arrears more than three months, the association was not required to pay the dues where no proof of the insanity of a member was offered until six months after his suspension for nonpayment and more than three months after his death.

[Ed. Note.—For other cases, see Insurance, Cent. Dig. § 1906; Dec. Dig. § 754.*]

Appeal from Coleman County Court; F. M. Bowen, Judge.

Action by Nora Wagnon against Sovereign Camp Woodmen of the World. Judgment for plaintiff, and defendant appeals. Reversed, and judgment rendered for defendant.

Woodward & Baker, of Coleman, and Flippen, Gresham & Freeman, of Dallas, for appellant. Snodgrass, Dibrell & Snodgrass, of Coleman, for appellee.

RICE, J. This suit was brought by appellee against appellant to cover $1,000, alleged to be due her as beneficiary under a fraternal certificate of life insurance, issued by appellant upon the life of her deceased husband, G. John Wagnon. Appellant denied liability under said certificate, alleging the forfeiture thereof before the death of said Wagnon, because of the nonpayment of dues and assessments. In reply to appellant's defense, appellee, as shown by her brief, denied that her husband had been suspended, or that he had failed to pay his assessments and dues as represented by appellant, and alleged that if at any time his dues had not been paid, as required by the by-laws of appellant, then at the time of said nonpayment, if any, deceased was excused from payment thereof under section 126 of the by-laws of said order relating to insane members, because he was insane at the time of such default, if any, and continuously from that time until the date of his death, and on account of such insanity was totally incapable of attending to the payment of his dues and assessments, and, in addition thereto, financially unable to pay them. She further alleged that prior to the death of her husband she, or other persons for her, tendered all dues and assessments that might be owing by him to said order, and its local camp, and that the same were refused. She further alleged that she had an agreement with the clerk of said local camp that he would notify her in time for her to pay any assessments and dues before any delinquency might occur; and further that he would keep such assessments and dues paid, so as to avoid a forfeiture of the certificate, and that he would accept payment of such dues and assessments from her later, and that, if he (the clerk) became unwilling to so pay such assessments and dues, he would notify appellee, so that she could pay them herself, and that she relied upon said agreement; but that the clerk of said camp failed to notify her until after he claimed the suspension had taken place; and that she then had the assessments and dues claimed tendered, but same were refused. Appellee further alleged that, subsequent to the death of her said husband, she, through her attorneys, offered to furnish appellant the evidence of at least two competent and reputable physicians that the insured, G. John Wagnon, was insane on May 1, 1912, and continuously from that time until his death, and from such insanity totally incapable of attending to the payment of his assessments and dues, and in addition thereto financially unable to pay them, and that appellant declined to receive such evidence.

[1] The case was submitted on special issues, upon the answer to which the court rendered judgment for appellee, which is assigned as error, on the ground that the same was in contravention of said findings. The jury, amongst other things, found that the deceased was suspended by appellant on the 1st day of May, 1912. If this suspension was on account of his failure to pay his assessments and dues, in accordance with the

by-laws of the order when due, then the same was proper, and would defeat appellee's right to recover, unless excused therefrom by some of the other reasons set up in her pleadings. But she insists that the judgment in her behalf is correct, because the verdict showed that her husband, the deceased, was not in default at the time of such suspension.

We differ with appellee in her construction of the verdict; and, in order to show the futility of her contention, it becomes necessary to set out the special issues submitted by the court to the jury, and the answers thereto, in so far as they relate to the matter in hand: Issue No. 3: "Did the said G. John Wagnon fail to pay all dues and assessments due by him to the Sovereign Camp of the Woodmen of the World and the Silver Valley Camp No. 1900, for the month of April, 1912, due on the first day of May, 1912? Answer yes or no. Answer: No, no April dues on May 1st, 1912." Issue No. 4: "Did the said G. John Wagnon fail to pay all dues and assessments due by him to the Sovereign Camp of the Woodmen of the World and the Silver Valley Camp No. 1900, for the month of May, 1912, due on the first day of June, 1912? Answer yes or no. Answer: Yes. No May dues on June 1st, 1912." Issue No. 5: "Did the said G. John Wagnon, or any other person for him, pay the assessments and dues due by him to the Sovereign Camp of the Woodmen of the World and to the Silver Valley Camp No. 1900, which were due on or before the first day of May, 1912, or on the 1st day of June, 1912? Answer yes or no. Answer: No."

The only fact in issue under these findings was whether or not the insured paid his April and May, 1912, assessments when due. The question of when they were due was one of law for the determination of the court and not the jury, the due date of such payments being fixed by the by-laws of said order offered in evidence, and the court so instructed the jury. It is evident that neither the deceased, nor any one else for him, paid the same, as shown by the answer of the jury to the fifth issue.

[2] But it is insisted that the answer to the third issue shows that he did not fail to do so. We think this answer must be construed to mean that the dues referred to were not due on the 1st of May, 1912, rather than that he did not fail to pay them.

[3] But even if there is an apparent conflict in these findings, then such conflict must be reconciled by reference to other matters in the record. The undisputed evidence is to the effect that deceased did not pay the April or May, or in fact any, assessment after that time. The answer to the fourth issue is in accord with this view. These several findings, when considered in connection with the undisputed evidence, justify us, we think, in holding that the jury intended to find, and did in fact find, that the deceased failed to pay his assessments when due, and

was properly suspended, and his certificate forfeited on account thereof.

[4] Nor does the fact that the jury found that such suspension was improper militate against this view, because whether the same was proper or improper was a matter of law for the court, upon the facts found, and not a matter for the jury. Hence we conclude that the judgment was improperly rendered in appellee's behalf so far as this issue was concerned.

[5] It is no defense that the clerk of the local camp agreed to pay the assessments when due, or notify Mrs. Wagnon in case he should decide not to do so, because under the by-laws of said order he had no authority to do that. Besides this, it does not appear that the Sovereign Camp had any notice of any such agreement on his part. Such an agreement, if any, in the absence of such notice, was not binding upon the order. See article 4847, R. S.; United Moderns v. Pike, 76 S. W. 774; Brotherhood of Railway Trainmen v. Dee, 101 Tex. 597, 111 S. W. 396; McWilliams v. Modern Woodmen of America, 142 S. W. 641.

[6] Nor was the deceased entitled to reinstatement on account of the tender of assessments and dues, because such tender was not accompanied by a written statement that he was in good health and not addicted to the excessive use of intoxicants or narcotics, as required by section 115 of the by-laws of the order.

[7] It is urged on behalf of appellee, however, that, even if he was in default in these payments, still no forfeiture could follow for the reason that G. John Wagnon, the insured, was insane and incapable of attending to such payments, as well as financially unable to do so, on May 1, 1912, when such forfeiture was declared, and continued so until the time of his death; and notwithstanding appellee offered to furnish appellant satisfactory evidence thereof, as required by its by-laws, it refused to receive such proof. Section 126 of said by-laws read in evidence is as follows: "Upon the satisfactory evidence of at least two physicians that a beneficiary member of this order is insane and totally incapable from such insanity to attend to the payment of his assessments and dues, and in addition thereto financially unable to pay the same, the camp of which he is a member shall pay the same from its general fund. If a member at large, then the Sovereign Camp shall pay from its general fund all arrearages since he became insane and incapable; provided, however, such payments shall not be made if he is in arrears more than three months."

The findings of the jury fail, we think, to show a compliance with this requirement on the part of appellee, because at the time such proof was tendered, to wit, November 11, 1912, the deceased was in arrears for more than three months. The proviso, in our opinion, was intended to apply to both the

local and sovereign camps. The object of this section was to require the local or sovereign camp, as the case might be, upon proper notification and proof, to prevent a forfeiture by the payment of the dues and assessments of such member, provided that when such notification and proof was made the member was not in arrears for more than three months. In the instant case the finding is to the effect that proof was not made until November 11th, at which time the deceased was in arrears for more than three months. Certainly, it was not contemplated by this section that the notification and proof could be made at any time, even after the death of the insured, which occurred July 31, 1912.

From what we have said, it follows that we believe that judgment was improperly rendered for appellee, and that the same should have been rendered for appellant. We therefore now reverse the judgment of the court below and render the same in favor of appellant.

Reversed and rendered.