### WILLIAMSON v. SUPREME FOREST WOODMEN CIRCLE.

#### No. 13244.

Court of Civil Appeals of Texas.
Fort Worth.

Oct. 18, 1935.

Rehearing Denied Nov. 15, 1935.

McLean & Thompson and Mack & Mack, all of Fort Worth, for appellant.

Earle R. Stiles, of Omaha, Neb., and Lightfoot & Robertson, of Fort Worth, for appellee.

BROWN, Justice.

Appellant is the husband of Mrs. Mary E. Williamson and beneficiary in a frater-nal benefit insurance policy issued by appellee on his said wife.

The cause is before us on an agreed statement of facts, the most material to a determination of the issues presented being as follows: That the insured became a member of appellee circle May 9, 1907, and remained in good standing up to and including October 1, 1909, when she was duly adjudged insane in the county court of Tarrant county, Tex.; that appellant paid all monthly dues and assessments chargeable to his insane wife until June 1, 1915, at which time he ceased making payments, and the insured was suspended because of such default, remaining suspended until her death, on July 30, 1932; that proof of her death was duly made to appellee and the suit timely brought on the certificate; that no proof of the insanity of the insured was made, or of the other facts provided for in the old section of the by-laws of the circle which concerns insane members, and is as follows:

'"Insane Members."

"Section 124: Upon satisfactory evidence of at least two physicians that a beneficiary member of this Order is insane and totally incapable from such insanity to attend to the payment of his or her dues and assessments, and in addition thereto financially unable to pay the same, the Grove of which he or she is a member shall pay the same from the General Fund, or if a member-at-large, then the Supreme Forest shall pay from its General Fund all arrearages since he or she became insane and incapable; provided, he. or she shall not have been in arrears more than three months."

That the above by-law was repealed on July 15, 1913.

Appellant brought suit on the certificate of insurance, and judgment was denied him. He has appealed, and predicates his right to recover on the provisions of the old by-law (section 124, supra), which was in force when his wife became a member of the circle.

We need not pass upon the question of whether a by-law may be repealed or changed, so as to bind a member who has become insane while such by-law was in full force; our decision rests upon the plain terms of the by-law, upon which appellant relies for recovery.

No satisfactory evidence of at least two physicians, that the insured was insane and incapable of attending to the payment of her dues, was furnished, and no proof made that she was financially unable to pay the same, at a time when she was not more than three months in arrears; in fact these matters have been brought to the attention of appellee about seventeen years after the last payment of dues and assessments was made.

This same by-law was construed by the Court of Civil Appeals for the Fifth District in Sovereign Camp W. O. W. v. Wagnon, 164 S. W. 1082, and a writ of error expressly refused by the Supreme Court. Upon the authority of that opinion, the judgment of the district court should be affirmed.

Judgment affirmed.

MARTIN, J., not sitting.