# THE ATTORNEY GENERAL
## OF TEXAS



Gerald C. Mann

~~COMMISSIONER~~
ATTORNEY GENERAL

AUSTIN 11, TEXAS

Honorable Mortimer Brown
Executive Secretary
Teacher Retirement System of Texas
Austin, Texas

Dear Sir:

Opinion No. O-2009
Re:  Procedure for disbursement
of teacher retirement sys-
tem funds under facts here-
inafter stated.

We have your letters of February 26, 1940, and March 11, 1940, and a copy of a letter addressed to you, signed by Mr. W. N. Henry, which is dated March 9, 1940. These letters present the following facts:

Margaret T. Henry, wife of W. N. Henry, was at the time of her death a member of the Teacher Retirement System of Texas. Margaret T. Henry died on March 10, 1939, but had, prior to her death, designated her daughter, Theodoris Henry, a minor, as her beneficiary to receive the return of her accumulated contributions in the Teacher Retirement System in the event of her, Margaret T. Henry's, death before retirement. The amount outstanding to the credit of Margaret T. Henry at the time of her death was $31.05. On February 16, 1940, Theodoris, the minor daughter and beneficiary of Margaret T. Henry, died while the above amount was still in the hands of the Teacher Retirement System. Theodoris Henry is survived only by her father, W. N. Henry, a brother, Robert Alphonso Henry, and a sister, Miss Willie Margarette Henry. Both Robert Alphonso and Willie Margarette were of age at the time of their mother's death. The $31.05, above mentioned, is at the present time in the hands of the Teacher Retirement System of Texas.

We now quote from a portion of your letter of February 26, 1940, which presents the matters for our consideration:

"In View of the fact that the minor has died, would the Teacher Retirement System be protected in paying the money to the County Clerk? As the sum of money is small, this office would like to find a way to settle the case without causing any court procedure that would be of expense to the party who is entitled to receive the money, if that can be done in accordance with the law and with full protection to the Teacher Retirement System. The Teacher Retirement System would like to have your opinion as to what procedure could and should be used in a case like this."

Article 4112a, Section 1, Vernon's Revised Civil Statutes, 1925, provides:

"Section 1. Whenever any minor, lunatic, idiot, or non compos mentis, who has no legal guardian shall be entitled to any sum or sums of money not exceeding Two Hundred And Fifty Dollars ($250) from any person, firm, corporation, administrator, executor, guardian, or trustee, arising out of any liquidated and uncontested claim, such person, firm, corporation, administrator, executor, guardian, or trustee holding such sum may pay same over to the County Clerk of the county in which said minor, lunatic, idiot, or non compos mentis resides, for the account of said minor, lunatic, idiot, or non compos mentis, and the receipt of the County Clerk therefor shall be forever binding on said minor, lunatic, idiot, or non compos mentis, as of the date and to the extent of the payment so made."

This is the statute to which you refer in asking whether the Teacher Retirement System could pay the money to the County Clerk.

It is our opinion that the $31.05 standing to the credit of Margaret T. Henry could not and should not be disbursed under the provisions of this statute. We feel that there is no necessity to elaborate on this point, but for general authority we quote from 39 Tex.Juris., p. 160, sec. 88:

". . .But a court will not assume to
construe or interpret a statute if there is
no necessity for it to do so, that is, if
the statute is susceptible of but one con-
struction. On the contrary, it is settled
by many decisions that there is no room for
construction when the law is expressed in
plain and unambiguous language and its mean-
ing is clear and obvious. In such a case
the law will be applied and enforced as it
reads, regardless of its policy or purpose,
or the justice of its effect. In other
words, a court is not authorized to indulge
in conjecture as to the intention of the
Legislature, or to look to the consequences
of a particular construction, unless the
meaning of the statute is doubtful. . . ."

The law, in this instance, is clear and obvious
and is susceptible to only one construction; the construc-
tion being, that the statute contemplates payment being
made for the benefit of some minor and that the minor is
a living person. Under the facts, herein presented, Theo-
doris Henry is dead and none of her heirs are minors,
therefore, Article 4112a is not applicable.

Your next ask our opinion as to the proper and
most plausible procedure to be followed in the disbursement
of this $31.05.

Article 2922-1, Section 9, Vernon's Revised Civil
Statutes, provides:

"The right of a person to an annuity
or a retirement allowance, to the return of
contributions, annuity, or retirement allow-
ance itself, any optional benefit or any
other right accrued or accruing to any person
under the provisions of this Act, and the
moneys in the various funds created by this
Act, are hereby exempt from any State or muni-
cipal tax, and exempt from levy and sale,
garnishment, attachment, or any other process
whatsoever, and shall be unassignable except
as in this Act specifically provided."

In the case of Modern Woodmen of America vs.
Yanowsky, (Ct. Civ. App. Tex., 1916) 187 S. W. 728, the
Court, on page 732, said:

"Defendant in error insists that, be-
cause the petition shows on its face that the
fund sued for is exempt property, any attempt
by the court to subject it to administration
is null and void, as is the case with home-
steads. This is a correct proposition of
law as to exempt property. Kimmons v. Abra-
ham, 176 S. W. 671; Childers v. Henderson,
76 Tex. 664, 13 S. W. 481; Dignowity v.
Baumblatt, 38 Tex. Civ. App. 363, 85 S. W.
835." --See also, N. J. Mullins & Co. v.
S. N. Thompson, Administrator (Sup. Ct. Tex.,
1879), 51 Tex. 7; and White, et al vs. White
(Civ. App. Tex., 1895), 32 S. W. 48.

In the light of the cases cited and Section 9
of Article 2922-1, even though W. N. Henry is the legal
administrator of his wife's estate, it is our opinion that
the $31.05 is not subject to administration but passed
to Theodoris Henry, upon the death of her mother, free
from any claim against the mother's estate.

Then, upon the death of Theodoris Henry, assum-
ing that she died intestate, and that no legal representa-
tive has been appointed, all of her property, including
her right to the $31.05 passed to her heirs, whoever they
might be, under our statutes of descent and distribution,
Title 48, Vernon's Revised Civil Statutes, 1925. See
Central Texas Mutual Life Ass'n vs. Beaty, et al (Ct. Civ.
App. Tex., 1929), 20 S. W. (2d) 836, where the court on
page 837 says:

". . . The rule in this state, as else-
where, is that benefits accruing under certi-
ficates of membership in mutual aid or benefit
associations vest in the beneficiary entitled
thereto on accrual and pass at the death of
such beneficiary to his legal representatives
or heirs. Brotherhood of Railway Trainmen v.
Dee, 101 Tex. 597, 603, 111 S. W. 396, 399;
Knights of Maccabees v. Patton, 179 Ky. 410;
200 S. W. 614; 19 R. C. L. p. 1309, ¶ 99,
and authorities cited in notes 20 and 1 on
said page; 45 C. J. p. 247, ¶ 191, and notes
96 and 97. Even under the provisions of our
Workmen's Compensation Act (Rev. St. 1925,
arts. 8306-8309), declaring that the compen-
sation therein provided for the death of an

employee shall be for the sole benefit of the beneficiaries named therein, the right to such compensation vests in such statutory beneficiaries on such death and passes on the death of such beneficiaries to their heirs or legatees. Moore v. Lumbermen's Reciprocal Ass'n (Tex. Com. App.) 258 S. W. 1051, 1952-1956; Id. (Com. App.) 262 S. W. 472; Texas Employers' Ins. Ass'n v. McDonnell (Tex. Civ. App.)278 S. W. 294, 296."

It is, therefore, our opinion that the heirs of Theodoris Henry are entitled to the $31.05, and disbursements should be made under the provisions of Title 48, Vernon's Revised Civil Statutes, 1925. In order to properly disburse these funds, and to protect the Teacher Retirement System, you should obtain affidavits from W. M. Henry, Robert Alphonso Henry, Willie Margarette Henry and several reputable persons (this number is left to your discretion) who know and have known the history of his family. The purpose of these affidavits is to prove that the three above mentioned persons are the sold heirs of Theodoris Henry, as is stated in the information you have furnished us.

In order to establish the fact that the three above mentioned persons are the sold heirs of Theodoris Henry, the affidavit should include among other things, that (1) the affiant knew W. M. Henry and Margaret Henry; stating the number of years; (2) W. M. and Margaret Henry were married; (3) they had only three children, Robert Alphonso Henry, Willie Margarette Henry and Theodoris Henry; (4) Margaret Henry died on or about the ___ day of _____, 19___; (5) Margaret Henry was survived by her husband, W. M. Henry, a son, Robert Alphonso Henry, a daughter, Willie Margarette Henry, and another daughter, Theodoris Henry, who was a minor; (6) Theordoris Henry, a minor, died on or about the ___ day of _____, 19___; (7) at the time of her death, Theodoris Henry was a minor; was not married and had never been married prior to her death and left no husband or children; that she had no brothers or sisters, dead or alive, other than Robert Alphonso Henry, a brother, and Willie Margarette Henry, a sister; or, if Theodoris Henry had any deceased brothers and sisters, that these deceased brothers or sisters left no children, grandchildren or other descendants.

Upon the receipt of the above mentioned affidavits, and proofs of death of both Theodoris and Margaret Henry, if you are satisfied that W. N. Henry are the sole heirs of Theodoris you will be justified in dividing the $31.05 into two equal portions and paying one such portion to W. N. Henry and dividing the other portion equally between Robert Alphonso Henry and Willie Margarette Henry.

As stated above, this money is to be disbursed in accordance with Title 48, Vernon's Revised Civil Statutes, 1925, and if the affidavits reveal that Theodoris had any other heirs, at the time of her death, such as a husband, children, descendants of such children, if any, or had any brothers or sisters, other than Robert Alphonso and Willie Margarette, or has had brothers or sisters who are now deceased but who left descendants, then the $31.05 would have to be pro rated differently, in accordance with Title 48, Vernon's Revised Civil Statutes, 1925.

Trusting that this answers your questions, we are

Yours very truly

ATTORNEY GENERAL OF TEXAS

By

Walter R. Koch
Assistant

By

Henry Shuford

HS:OO:ba